IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CV-165-BO

| | | |
|---|---|---|
| JEANE GREGORY | ) | |
|        Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| GUST ROSENFELD PLC; MARICOPA | ) | |
| COUNTY ATTORNEY; SUPERIOR | ) | |
| COURT OF ARIZONA, MARICOPA | ) | |
| COUNTY; and STATE BAR OF | ) | |
| ARIZONA, | ) | |
|        Defendants. | ) | |

This cause comes before the Court on multiple motions filed by plaintiff and defendants. The appropriate responses and replies have been filed, or the time for doing so has expired, and the matters are ripe for ruling.

BACKGROUND

Plaintiff, who proceeds in this action *pro se*, filed the instant complaint on August 31, 2020, pursuant to the Court's diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff's complaint arises primarily out of probate proceedings in Arizona concerning her mother's estate and family trust. Plaintiff's complaint contains her allegations that she has been "kept from her mother's Estate by the entirety of both California's and Arizona's legal systems." [DE 1 at 3]. Plaintiff alleges that her mother had a will drawn up in July 1997 in California which named plaintiff as executor of her mother's estate. Plaintiff alleges that her mother died on March 19, 2009, and that her will has never been seen in California. Plaintiff alleges that two California attorneys, John Glaser and Joel Harris, attempted to sell her mother's Arizona property illegally and that defendant law firm Gust Rosenfeld in Arizona assisted the California attorneys with this illegal sale. Plaintiff further appears to allege that the state court, state bar, and county attorney in Maricopa County, Arizona

were complicit in or have declined to remedy the illegal sales and mishandling of her mother's estate. Plaintiff seeks damages in an amount totaling $40 million.

This is plaintiff's fourth lawsuit filed in this Court concerning her mother's estate. *See Gregory v. Whitney*, No. 4:19-CV-81-FL (E.D.N.C. filed May 29, 2019) (*Gregory I*); *Gregory v. Small & Loeb GCA Law Partners, LLC*, No. 4:19-CV-147-BR (E.D.N.C. filed Oct. 10, 2019) (*Gregory II*); *Gregory v. Harris*, No. 4:20-CV-84-BR (E.D.N.C. filed May 19, 2020) (*Gregory III*). In each case, it was determined that this Court lacks personal jurisdiction over the defendants and that venue was improper.

Defendants Gust Rosenfeld; the Superior Court of Arizona, Maricopa County; and the State Bar of Arizona have all moved to dismiss this action for lack of personal jurisdiction.[1] Plaintiff opposes the motions to dismiss and has also filed a motion to transfer venue to the District of Arizona. Plaintiff has also moved for entry of default against defendant Maricopa County Attorney and for entry of judgment and summary judgment against the defendants. Defendant Gust Rosenfeld has moved for Rule 11 sanctions against plaintiff and there are several motions to stay briefing on other pending matters until after the resolution of the motions to dismiss.

## DISCUSSION

The Court begins its consideration of the pending motions with those asserting that it lacks personal jurisdiction over defendants and that venue is improper.

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court

---

[1] The motions raise other defenses under Fed. R. Civ. P. 12(b) which the Court need not address as it determines that it lacks personal jurisdiction over these defendants and that dismissal is appropriate.

2

construes all facts and inferences in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

Federal courts may exercise personal jurisdiction over an out-of-state defendant if "(1) such jurisdiction is authorized by the long-arm statute of the state in which the district court sits; and (2) application of the relevant long-arm statute is consistent with the Due Process Clause of the Fourteenth Amendment." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014). Because North Carolina's long-arm statute is designed to extend jurisdiction over nonresident defendants to the fullest extent permitted by due process, these inquiries collapse into one. *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 676 (1977). Due process requires that a defendant have "certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotations omitted).

Personal jurisdiction may be general or specific, with general jurisdiction requiring "continuous and systemic contacts with the forum state." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016) (internal quotation and citation omitted). An inquiry into specific jurisdiction requires courts to examine "the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 283–84 (internal quotations omitted). To determine specific jurisdiction, courts look at "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) (internal quotations omitted).

3

The moving defendants, the law firm of Gust Rosenfeld, the State Bar of Arizona, and the Superior Court of Arizona, Maricopa County are each located in Arizona and the complaint is devoid of any allegation which would support the presence of either general or specific personal jurisdiction over these defendants. In support of personal jurisdiction in her complaint, plaintiff cites to 48 U.S.C. § 2166, which governs the determination of personal jurisdiction in cases arising under the Puerto Rico Oversight, Management, and Economic Stability Act and has no application here. *See* 48 U.S.C. §§ 2101 *et seq.*

In her opposition to these motions to dismiss, plaintiff contends that personal jurisdiction over Gust Rosenfeld exists because an attorney from the firm emailed her statements and directives that caused her to take physical possession of documents in North Carolina, sign them, have them notarized, and return them to Gust Rosenfeld in Arizona. Plaintiff also relies on an email in which a lawyer for the firm of Gust Rosenfeld refers to her as their client.

As this Court in *Gregory I* concluded, the minimal contacts by Gust Rosenfeld with plaintiff in North Carolina arose out of legal proceedings in Arizona, not North Carolina, and Gust Rosenfeld did not seek out plaintiff's business in North Carolina nor does it conduct business in North Carolina. *See Gregory I* (Aug. 7, 2019 E.D.N.C.); *see also* [DE 12-1] Wirken Decl. ¶¶ 12-14. The law firm's communications with plaintiff were limited to mailing a letter to her in which it agreed to assist in the Arizona probate proceeding and sending documents to plaintiff for her to sign. *Id.* ¶ 18. While a single contract may provide for sufficient contacts within the forum state such that personal jurisdiction arises, this is only true where because of the contract the defendant has engaged in significant activities or created continuing obligations within the forum state. *Perdue Foods*, 814 F.3d at 190. In sum, plaintiff has failed to make a prima facie showing that Gust Rosenfeld purposefully availed itself of the privilege of

4

conducting business in North Carolina such that it would reasonably anticipate being haled into court here. *Id.* at 189.

Plaintiff's complaint fails to make any allegation which would support this Court having personal jurisdiction over the State Bar of Arizona or the Superior Court of Arizona. Plaintiff has not alleged any instance in which either of these defendants had contact with the State of North Carolina and the Court lacks personal jurisdiction over them.

Venue is also improper in this district. Rule 12(b)(3) of the Federal Rules of Civil Procedure allows for dismissal of an action for improper venue. Venue in a civil action is proper in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

As plaintiff has alleged, each of the moving defendants reside or are located in Arizona. A fair reading of plaintiff's complaint further supports that a substantial part of the events or omissions giving rise to plaintiff's claims, in addition to the property that is the subject of the complaint, occurred or is located in Arizona.

In her motion to transfer, plaintiff appears to agree that venue is improper in this district. She asks that the matter be transferred to the United States District Court for the District of

5

Arizona, but states concerns regarding the division to which the case is assigned and the court's physical proximity to the defendants in this case, most specifically Gust Rosenfeld.

As discussed above, this is the fourth lawsuit filed by plaintiff in this district relating to her mother's will. In each of the prior cases, plaintiff sued defendants who are residents of Arizona or California and over whom this Court lacks personal jurisdiction and the Court further determined that venue was improper here. The first case was transferred to the District of Arizona, but the next two cases were dismissed as, based upon her first filed case, plaintiff could have reasonably foreseen that this Court would lack personal jurisdiction over the defendants and that venue would be improper in this Court. *See Gregory II* (Feb. 20, 2020 E.D.N.C.); *Gregory III* (Oct. 7, 2020 E.D.N.C.).

Thus, despite plaintiff's *pro se* status, the Court finds no interest of justice which would be served by transferring this action. Accordingly, dismissal is the proper remedy as the Court lacks personal jurisdiction over defendants Gust Rosenfeld, State Bar of Arizona, and Superior Court of Arizona, Maricopa County and venue is improper here. The motions to dismiss by these defendants are therefore granted and plaintiff's motion to transfer is denied. In light of the dismissal of the complaint as to these defendants, plaintiff's motion for entry of judgment or summary judgment against these defendants are denied as moot. Additionally, the motions to stay briefing on plaintiff's motions for summary judgment are also denied as moot.

Defendant Gust Rosenfeld also seeks sanctions against plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure. Rule 11(b) provides that, by submitting documents to the Court, a party certifies that, to the best of her knowledge, (1) they are not submitted for an improper purpose; (2) the claims, defenses, and other legal contentions are warranted by existing law or a nonfrivolous argument for extending the law; (3) the factual contentions have

6

evidentiary support; and (4) the denials of factual contentions are warranted on the evidence. Fed. R. Civ. P. 11(b). Rule 11(c) provides for the imposition of sanctions for violation of Rule 11(b). Fed. R. Civ. P. 11(c). "The primary purpose of Rule 11 is to punish violators and deter parties and their counsel from pursuing unnecessary or unmeritorious litigation." *Moody v. Arc of Howard Cty., Inc.*, 474 F. App'x 947, 950 (4th Cir. 2012).

Gust Rosenfeld seeks sanctions against plaintiff in the form of attorney fees and costs based upon this Court's prior transfer of her claims against Gust Rosenfeld to the District of Arizona and the Arizona court's dismissal of plaintiff's claims as time-barred. In light of plaintiff's *pro se* status, the Court declines to impose Rule 11 sanctions based upon the filing of the instant complaint.[2] *See Laremont-Lopez v. Se. Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1078 (E.D. Va. 1997). Should plaintiff elect to file a *third* lawsuit in this district against Gust Rosenfeld arising out of the same conduct as forms the basis of the instant complaint, however, plaintiff's *pro se* status will not prevent the Court from imposing sanctions against her.

Finally, plaintiff seeks entry of default against defendant Maricopa County Attorney. Plaintiff contends that service was effected on this defendant on October 13, 2020, and that the County Attorney has failed to answer or otherwise respond to the complaint within the time prescribed. Entry of default is appropriate where a party has failed to plead or otherwise defend and the failure is demonstrated by affidavit or otherwise. Fed. R. Civ. P. 55(a).

In support of her motion, plaintiff has attached a U.S. Postal Service Certified Mail Receipt which appears to show service on the Maricopa County Attorney on October 13, 2020.

---

[2] Plaintiff's response to the motion for sanctions [DE 39], "Motion for Sanction under Rule 11 has no foundation!" appears to have been improperly entered on the docket as a motion for sanctions. The clerk is DIRECTED to correct the docket text to identify this document as a response rather than a motion.

7

Defendant Maricopa County Attorney[3] has appeared for the limited purpose of opposing entry of default. Specifically, the Maricopa County Attorney contends that plaintiff has failed to demonstrate by affidavit that she has effected service and that service by mail is improper as to this defendant.

Plaintiff has failed to demonstrate that entry of default is appropriate. First, though plaintiff has attached a certified mail return receipt, plaintiff has failed to submit an affidavit or otherwise show that the complaint and summons were served on defendant Maricopa County Attorney. Further, as raised in the County Attorney's opposition, service by mail on this defendant is not proper under Fed. R. Civ. P. 4(j)(2) and Ariz. R. Civ. P. 3(d)(1). As service was not properly effected against defendant Maricopa County Attorney, entry of default is not appropriate. *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant.").

Plaintiff's complaint in this action was filed on August 31, 2020. Rule 4(m) of the Federal Rules of Civil Procedure provides that service must be effected on a defendant within ninety days of the filing of the complaint. If a defendant is not served within this time, a court must dismiss the action without prejudice against that defendant or order that service must be made within a specific time. *Id.* As more than ninety days has passed since the filing of the complaint and it does not appear that defendant Maricopa County Attorney has been properly served, plaintiff is ORDERED to SHOW CAUSE within fourteen (14) days of the date of entry of this order why her claims against this defendant should not be dismissed.

---

[3] Defendant refers to itself as the Maricopa County Attorney's Office but for clarity the Court will in this order rely on how the party has been identified in plaintiff's complaint.

8

CONCLUSION

Accordingly, for the foregoing reasons, the motions to dismiss by defendants Gust Rosenfeld; Superior Court of Arizona, Maricopa County; and State Bar of Arizona [DE 11, 14, 18] are GRANTED and plaintiff's claims against them are DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction and improper venue. Plaintiff's motion to transfer case [DE 45] is DENIED. Because defendants Gust Rosenfeld; Superior Court of Arizona, Maricopa County; and State Bar of Arizona have been dismissed, plaintiff's motions for entry of summary judgment or judgment against them [DE 48, 50, 55, 62] are DENIED AS MOOT. Plaintiff's motion for summary judgment which appears to be against all defendants [DE 23] is DENIED AS MOOT as against defendants Gust Rosenfeld; Superior Court of Arizona, Maricopa County; and State Bar of Arizona as they have been dismissed.

Defendant Gust Rosenfeld's motion for sanctions [DE 36] is DENIED. Plaintiff's motion for entry of default against defendant Maricopa County Attorney is DENIED. Plaintiff shall SHOW CAUSE within fourteen (14) days of the date of entry of this order why her claims should not be dismissed pursuant to Fed. R. Civ. P. 4(m).

Because she has already filed a response to State Bar of Arizona's motion to dismiss, plaintiff's motion for extension of time to respond to State Bar of Arizona's motion to dismiss [DE 37] is DENIED AS MOOT. The motions to stay briefing on other pending motions pending a ruling on the motions to dismiss [DE 29, 32, 34, 60, 65] are also DENIED AS MOOT. The clerk is DIRECTED to correct the docket at [DE 39] in accordance with the foregoing.

SO ORDERED, this 17 day of May, 2021.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9